Robinson, J.
Two questions are presented to this court for determination.
First: Is present Section 13668, General Code, in contravention of Section 2, Article I, of the Ohio Constitution, and Section 1, 14th Amendment to the Constitution of the United States, or either of them?
Second: If in violation of either, or both, is Section 2 of the amending act (107 O. L., 452) effective for the purpose of repealing original Sections 13668 and 13668-1 of the General Code, or does the repealing clause fail because of the unconstitutionality of present Section 13668, General Code?
Section 10, Article I, of the Constitution of Ohio, provides:
‘ ‘ In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for *369 or against the accused, of any witness whose attendance cannot be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court. ’ ’
In pursuance of this provision of the constitution, the legislature on the 17th of April, 1913, enacted Sections 13668, 13668-1, 13668-2 and 13668-3, General Code (103 Ohio Laws, 443), as follows:
“Sec. 13668. "When an issue of fact is joined upon an indictment and a material witness for the defendant or for the state resides out of the state, or, residing within the state, is sick or infirm or about to leave the state or is confined in prison, such defendant or the prosecuting attorney may apply, in writing, to the court or the judge thereof in vacation, for a commission to take the deposition of such witness or witnesses. The court or judge may grant such commission and make an order stating in what manner and for what length of time notice ghall be given to the prosecuting attorney or to the defendant before such witness or witnesses shall be examined.
‘ ‘ Sec. 13668-1. When such commission is granted and the defendant is confined in prison, the sheriff or a deputy shall be ordered by the court or judge to take the defendant to the place of the taking of such deposition and have him before the officer at the taking of said deposition. Such sheriff or deputy shall be reimbursed for actual reasonable traveling expenses, for himself and the defendant, so incurred, the bills for the same, upon approval by the county commissioners, to be paid from the coun *370 ty treasury on the warrant of the county auditor. Such sheriff shall receive as fees therefor one dollar for each day in attendance thereat. Such fees and traveling expenses shall be taxed and collected as other fees and costs in the case.
“Sec. 13668-2. If counsel has been appointed by the state to defend a defendant under Sections 13617 and 13618, General Code, said counsel shall be authorized to attend upon and represent the defendant at the taking of depositions, and said counsel shall be paid a reasonable fee for his services in such matter, in addition to the fee prescribed in Section 13618, General Code, to be fixed by the county commissioners; and he shall also be allowed his actual expenses incurred in going to and from the place of taking the depositions.
“Sec. 13668-3. In all cases in which depositions are taken by the accused or by the state, to be used by or against the accused, of any witness whose attendance cannot be had at the trial, the court shall by proper order provide and secure to the accused the means and opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court; and any and all expenses necessarily .incurred in the securing of said means and opportunity and the expenses of the prosecuting attorney in attending the act shall be paid out of the county treasury as other county expenses, upon the certificate of the court making such order.”
On the second day of March, 1917, Section 13668 and Section 13668-1, General Code (107 O. L., 451), were amended to read as follows:
*371 “Sec. 13668. When an issue of fact is joined upon an indictment and material witness for the defendant or for the state resides out of the state, or, residing within the state, is sick or infirm or about to leave the state, or is confined in prison, such defendant or the prosecuting attorney may apply in writing, to the court or the judge thereof in vacation, for a commission to take the deposition of such witness or witnesses. Such commission shall not be granted and said order shall not be made until there is filed with the clerk of said court an affidavit stating in substance the evidence sought to be secured by deposition, and that it is competent, relevant and material and that the defendant is not confined in prison or, if confined in prison, that the-deposition is not to be taken outside of the state of Ohio. If it appear to the court, or judge, upon such application supported by said affidavit that the evidence sought to be secured by deposition is relevant, competent and material, and that the defendant is not confined in prison, or, if confined in prison, that the deposition is not to be taken outside of the state of Ohio, the court.or judge shall grant such commission and make an order stating in what manner and for what length of time notice shall be given to the prosecuting attorney or to the defendant before such witness or witnesses shall be examined.
“Section 13668-1. When the deposition is to be taken in the state of Ohio and such commission is granted, and the defendant is confined in prison, the sheriff or deputy shall be ordered by the court or judge to take the defendant to the place of the taking of such deposition and have him before the *372 officer at the taking of such deposition. Such sheriff or deputy shall he reimbursed for actual reasonable traveling expenses, for himself and the defendant, so incurred, the bills for the same, upon approval by the county commissioners, to be paid from the county treasury on the warrant of the county auditor. Such sheriff shall receive as fees therefor one dollar for each day in attendance thereat. Such fees and traveling expenses shall be taxed and collected as other fees and costs in the case.”
Section 2 of the amending act (107 O. L., 452) reads:
“That said original sections 13668 and 13668-1 of the General Code be and the same are hereby repealed.”
The plaintiff in error on the 16th of October, 1919, treating the amendment to Sections 13668 and 13668-1, General Code, as in contravention of the constitution and void, made application under former Section 13668, General Code (103 O. L., 443), to take the depositions of witnesses residing outside of the state of Ohio, which application was overruled by the court, because it did not comply with Sections 13668 and 13668-1, General Code, as amended March 21, 1917.
On the 28th day of October, 1919, plaintiff in error filed an application to take the depositions of witnesses residing outside of the state of Ohio, under present Section 13668, General Code (107 O. L., 451), which application was overruled for the reason that the affidavit attached did not show that the defendant was not confined in prison.
It will be observed that by the provisions of present Section 13668, General Code, the prosecuting *373 attorney, or the defendant, when an issue of fact is joined upon an indictment, and a material witness for the party making the application resides out of the state, may make an application to the court for a commission to take the deposition of such witness; and that if it appears to the court that the evidence sought to be secured by deposition is relevant, competent and material, the court shall grant such commission, unless the defendant is confined in prison in which case the court is not authorized to grant the commission. The effect of the statute is to grant to the defendant who may be able to give bail process of the court to secure in his defense the evidence by deposition of witnesses residing without the state, whose attendance cannot be obtained by compulsory process, and to deprive the defendant who is unable to give bail of the process of the court to secure the evidence of witnesses situated in the same way, and thus it may well happen that of two defendants jointly indicted for the commission of the same crime, one under bond and the other confined in jail, the one under bond, availing himself of the rights conferred by the statute, may be able to establish his innocence by the depositions of witnesses residing without the state, while the other, confined in jail, and deprived of such testimony, may be found guilty because of such deprivation. While different results from two trials upon the same evidence do not necessarily raise the question of equal protection of the law, refusal to a person in jail of the right to secure the testimony of witnesses residing without the state, which right is accorded to defendants not confined in prison, is a clear denial of the equal protection and benefit of *374 government and is in violation of Article I, Section 2 of the Ohio Constitution, and is a denial of the equal protection of the laws guaranteed by Section 1, Fourteenth Amendment of the Constitution of the United States. For be it remembered that the confinement in prison before conviction and the beginning of service of sentence is for the sole purpose of securing the presence of the accused at the trial to respond to the charge and abide the judgment, and is in no sense a penalty or punishment.
This then requires the determination of the other question: Is Section 2 of the amending act (107 O. L., 452), which provides “That said original sections 13668 and 13668-1 of the General Code be and the same are.hereby repealed,” effective to accomplish such repeal?
That it was the intention of the legislature to repeal Sections 13668 and 13668-1, General Code, cannot be gainsaid. The wording of the repealing clause is apt and exact, but by the same token it is apparent that it was not the intention of the legislature to deprive all persons under indictment for crime of the right to secure by deposition the evidence of witnesses residing without the state, for as to all such persons, except those confined in prison, the only additional restriction placed upon the securing of such evidence is the obligation to make a showing by affidavit that the evidence sought to be secured by deposition is relevant, competent and material, and whereas in Section 13668, General Code, as enacted April 17, 1913 (103 O. L., 443)-, the court was authorized to appoint a commission by the use of the language “may grant,” by the present section the court is required to grant such com *375 mission by the language “shall grant.” It, therefore, is not only not apparent that the primary purpose of the legislature was to repeal Sections 13668 and 13668-1, General Code (103 O. L., M3), but is apparent by the very terms of present Section 13668, General Code, that it was its purpose to the more effectually secure the right to such defendants as' were not confined in prison.
Section 13668, General Code, deprives an accused confined in prison of a right extended to an accused not in prison. We have no means of ascertaining what argument or purpose influenced the legislature to make the change.
This court in the case of State, ex rel. Pogue, Pros. Atty., v. Groom, Acting City Solicitor, 91 Ohio St., 1, held: “Where an act of the general assembly, purporting to provide a substitute for an existing law and in terms repealing the existing law, is declared to be unconstitutional and void, the repealing clause must also be held invalid, unless it clearly appear that the general assembly would have passed the repealing clause regardless of whether it had provided a valid substitute for the act repealed.”
In the cases of State, ex rel. Walton v. Edmondson, Auditor of Hamilton County, State, ex rel. Brennan, Treasurer of State, v. Benham, Treasurer of Franklin County, and State, ex rel. Grant, v. Sayre, Auditor of Franklin County, 89 Ohio St., 351, it was held: “Where an unconstitutional statute contains a clause repealing a prior valid law, for which the later statute was a substitute, the repealing clause will also be held inoperative, in the absence of an expressed intention to repeal the prior law without regard to the substitute.”
*376 Six members of this court concurring in the unconstitutionality of present Section 13668, the majority of the court adhere to the principle laid down in the cases above cited, and the intention to repeal the prior law, without regard to the substitute, neither being expressed nor clearly appearing, the repealing clause to the act amending Sections 13668 and 13668-1, General Code (107 O. L., 451), and designated as Section 2 of such act, will be held inoperative.
The prejudicial effect of the denial to the accused of his right to secure evidence in his behalf of witnesses without the state is apparent, for a court cannot say whether a jury would have believed the evidence of such witnesses in preference to the evidence of the witnesses it did hear.
The argument that the denial to the accused of the processes of the court to secure the evidence of competent, relevant and material witnesses in his behalf was not prejudicial because in the opinion of the court the accused was guilty, carried to its logical conclusion, would justify the denial to such person of the right to trial at all.
It ought not to be necessary for this court to say that its judgment in this case carries with it no implication as to the guilt or innocence of the accused; that it is entirely content to entrust the determination of that fact to a trial court and a jury, affording to both the state and the accused an opportunity to present relevant, competent and material evidence; that its concern in this case, as in every ease, is to see that the parties thereto, irrespective of past offenses or present guilt, be afforded the opportunity to have a constitutional trial before judgment. It *377 is for this that government exists, and it is thus that the “inalienable rights” enumerated in the constitution are preserved.
The judgments of the court of appeals and of the court of common pleas are reversed.

Judgments reversed.

Hough, Jones and Matthias, JJ., concur.
Johnson, J., concurs in first proposition of the syllabus, but not in the judgment.
Wanamaker, J., dissents, but concurs in first proposition of the syllabus.
Marshall, C. J., dissents.